## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**DARRELL DeNOMES (#183273)**                     **CIVIL ACTION NO.**

**VERSUS**                                                              **22-141-JWD-EWD**

**JAMES LeBLANC, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on October 31, 2022.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**DARRELL DeNOMES (#183273)**                    **CIVIL ACTION NO.**

**VERSUS**                                                                **22-141-JWD-EWD**

**JAMES LeBLANC, ET AL.**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Complaint of Darrell DeNomes ("DeNomes" or "Plaintiff"), who is representing himself and who is incarcerated at the Louisiana State Penitentiary in Angola, Louisiana. Based on the screening process required for such claims under 28 U.S.C. §§ 1915A, it is recommended that Plaintiff's federal claims be dismissed with prejudice as legally frivolous and for failure to state a claim upon which relief may be granted and that the Court decline to exercise jurisdiction over any potential state law claims.

**I.    BACKGROUND**

DeNomes brought this suit under 42 U.S.C. § 1983 alleging that James LeBlanc and Sheryl Ranatza ("Defendants") violated his constitutional rights related to proceedings before the parole board.[1] He seeks injunctive relief, or, alternatively, monetary relief.[2]

**II.    LAW & ANALYSIS**

**A.    Standard of Review**

Pursuant to 28 U.S.C. § 1915A, this Court is authorized to dismiss an action or claim against a governmental entity or an officer or employee of a governmental entity if the Court is

---

[1] R. Doc. 1, p. 5. Plaintiff complains of several unsuccessful attempts to obtain parole, notwithstanding his efforts to comply with the board's requirements. He also complains that he has not received a hearing on his applications filed after January 2022.

[2] R. Doc. 1, p. 6. Specifically, Plaintiff asked to be "immediately placed on parole board and released." Alternatively, Plaintiff seeks damages of $500,000.00. To the extent he seeks immediate release, such relief is not generally cognizable in a § 1983 action. *Sinclair v. Ward*, 205 F.3d 1338, 1338 (5th Cir. 1999). Rather, § 1983 claims regarding parole procedures are only cognizable when the result would not entitle the plaintiff to immediate release. *Id.*

satisfied that the action or claim is frivolous, malicious, or fails to state a claim upon which relief may be granted.

To determine whether the complaint states a claim under § 1915A, courts apply the same standard used for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[3] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[4] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[5] All well-pleaded facts are accepted as true and viewed in the light most favorable to the plaintiff.[6] While the screening process does give the court the rare power to 'pierce the veil' of the factual allegations,[7] pleaded facts that are merely improbable or strange are not frivolous for purposes of screening.[8] A claim is factually frivolous only if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'"[9] A claim is also subject to dismissal if it has no legal basis, "such as if the complaint alleges the violation of a legal interest which clearly does not exist."[10]

### B. DeNomes Cannot State a Federal Constitutional Claim Related to His Complaints about the Parole Board

Plaintiff appears to complain that his due process rights have been violated by the proceedings before the parole board and/or because he has not received a hearing on his

---

[3] *Plascencia-Orozco v. Wilson*, 773 Fed. App'x. 208, 209 (5th Cir. 2019) (citation omitted); *Hart v. Hairston*, 343 F.3d 762, 763-64 (5th Cir. 2003).
[4] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[5] *Id.*
[6] *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).
[7] *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).
[8] *Id.* at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992).
[9] *Denton*, 504 U.S. at 33, citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).
[10] *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998).

2

applications filed since January 2022.[11]  However, Louisiana parole statutes do not give rise to a constitutionally protected liberty interest in parole release and, thus, prisoners are not entitled to bring a Due Process challenge regarding the procedures employed during their parole hearings.[12]  Further, no constitutional or federal law entitles DeNomes to a hearing before the parole board.[13]  Accordingly, this action should be dismissed as legally frivolous and for failure to state a claim.

### C.  Exercise of Supplemental Jurisdiction Should be Declined

To the extent Plaintiff's allegations may be interpreted as asking this Court to exercise supplemental jurisdiction over potential state law claims, a district court may decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if the claims substantially predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons.[14]  Having recommended dismissal of Plaintiff's federal claims, it is further recommended that the Court decline the exercise of supplemental jurisdiction over potential state law claims.

---

[11] R. Doc. 1, pp. 4-5.  DeNomes provides the history of his parole hearings and alleges promises made by Ranatza; however, this information does not change the analysis.  R. Doc. 1, pp. 4-5.  *See Conditt v. Owens*, No. 10-90, 2011 WL 13182894, at *5 (W.D. Tex. April 26, 2011) (empty promise of parole does not violate Eighth Amendment).  It should be noted that Plaintiff's Complaint is dated February 23, 2022 (R. Doc. 1, p. 6).  At the time suit was filed, less than two months had passed since his renewed application for a parole hearing in January 2022.

[12] *See, e.g., Sinclair v. Ward*, 205 F.3d 1338, 1338 (5th Cir. 1999); *Stevenson v. Louisiana Bd. of Parole*, 265 F.3d 1060 (5th Cir. 2001); *Lennon v. Louisiana State Parole Bd.*, No. 11-486, 2012 WL 528178, at *2 (M.D. La. Jan. 24, 2012) ("It is well-settled that Louisiana law does not create a liberty interest in parole that is protected by the Due Process Clause.").

[13] *See Wansley v. Miss. Dept. of Corr.*, 769 F.3d 309, 312-313 (5th Cir. 2014) (explaining that, where there is no right to parole, the inmate "cannot complain of the constitutionality of procedural devices attendant to parole decisions," including the presence or absence of a hearing, and rejecting the plaintiff's argument that he has a liberty interest in receiving a parole *hearing*).

[14] 28 U.S.C. § 1367.

3

## **RECOMMENDATION**

**IT IS RECOMMENDED** that the Court decline supplemental jurisdiction over any potential state law claims, that any federal claims be **DISMISSED WITH PREJUDICE** as legally frivolous and for failure to state a claim under 28 U.S.C. § 1915A, and that this case be **CLOSED**.

Signed in Baton Rouge, Louisiana, on October 31, 2022.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**